MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MILENA  MARIA SANTANA CHALAS,
*individually and on behalf of others similarly*
*situated,*

*Plaintiff,*

-against-

LOS CASTILLOS MINI MARKET CORP.
(D/B/A LOS CASTILLO MINI MARKET &
DELI CORP), ROMAN SANCHEZ ,
ANDRES CASTILLO , CARLOS
CASTILLO , and JUAN OSORIO ,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Milena  Maria Santana Chalas ("Plaintiff Santana" or "Ms. Santana"), individually

and on behalf of others similarly situated, by and through her attorneys, Michael Faillace &

Associates, P.C., upon her knowledge and belief, and as against Los Castillos Mini Market Corp.

(d/b/a Los Castillo Mini Market & Deli Corp), ("Defendant Corporation"), Roman Sanchez,

Andres Castillo,  Carlos Castillo, and  Juan Osorio, ("Individual Defendants"), (collectively,

"Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Santana is a former employee of Defendants Los Castillos Mini Market

Corp. (d/b/a Los Castillo Mini Market & Deli Corp), Roman Sanchez, Andres Castillo, Carlos

Castillo, and Juan Osorio.

2.     Defendants own, operate, or control a mini market and deli, located at 1601 University Avenue, Bronx, New York, 10453 under the name "Los Castillo Mini Market & Deli Corp".

3.     Upon information and belief, individual Defendants Roman Sanchez, Andres Castillo, Carlos Castillo, and Juan Osorio, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the deli as a joint or unified enterprise.

4.     Plaintiff Santana was employed as a cook, cleaner, and general assistant at the deli located at 1601 University Avenue, Bronx, New York, 10453.

5.     At all times relevant to this Complaint, Plaintiff Santana worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that she worked.

6.     Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Santana appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.     Defendants' conduct extended beyond Plaintiff Santana to all other similarly situated employees.

8.At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santana and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

9.     Plaintiff Santana now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards

Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10.    Plaintiff Santana seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Santana's state law claims under 28 U.S.C. § 1367(a).

12.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a mini market and deli located in this district. Further, Plaintiff Santana was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

13.    Plaintiff Milena Maria Santana Chalas ("Plaintiff Santana" or "Ms. Santana") is an adult individual residing in Bronx County, New York.

14.    Plaintiff Santana was employed by Defendants at Los Castillo Mini Market & Deli Corp from approximately June 12, 2016 until on or about July 23, 2019.

15.     Plaintiff Santana consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16.     At all relevant times, Defendants owned, operated, or controlled a mini market and deli, located at 1601 University Avenue, Bronx, New York, 10453 under the name "Los Castillo Mini Market & Deli Corp".

17.     Upon information and belief, Los Castillos Mini Market Corp. (d/b/a Los Castillo Mini Market & Deli Corp) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1601 University Avenue, Bronx, New York, 10453.

18.     Defendant Roman Sanchez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Roman Sanchez is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Roman Sanchez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santana, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

19.     Defendant Andres Castillo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Andres Castillo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Andres Castillo possesses operational control over Defendant Corporation, an ownership interest in

Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santana, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.    Defendant Carlos Castillo is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Carlos Castillo is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Carlos Castillo possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santana, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21.    Defendant Juan Osorio is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juan Osorio is sued individually in his capacity as a manager of Defendant Corporation. Defendant Juan Osorio possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Santana, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

22.    Defendants operate a mini market and deli located in the Morris Heights section of the Bronx in New York City.

23.    Individual Defendants, Roman Sanchez, Andres Castillo, Carlos Castillo, and Juan Osorio, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

24.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25.    Each Defendant possessed substantial control over Plaintiff Santana's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Santana, and all similarly situated individuals, referred to herein.

26.    Defendants jointly employed Plaintiff Santana (and all similarly situated employees) and are Plaintiff Santana's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

27.    In the alternative, Defendants constitute a single employer of Plaintiff Santana and/or similarly situated individuals.

28.    Upon information and belief, Individual Defendants Roman Sanchez, Andres Castillo, and Carlos Castillo operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

    a)    failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b)    defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

29.     At all relevant times, Defendants were Plaintiff Santana's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Santana, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Santana's services.

30.     2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the deli on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32.     Plaintiff Santana is a former employee of Defendants who was employed as a cook, cleaner, and general assistant. Plaintiff Santana seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Milena Maria Santana Chalas*

33.     Plaintiff Santana was employed by Defendants from approximately June 12, 2016 until on or about July 23, 2019.

34.     Defendants employed Plaintiff Santana as a cook and general assistant.

35.     Plaintiff Santana regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36.     Plaintiff Santana's work duties required neither discretion nor independent judgment.

37.     Throughout her employment with Defendants, Plaintiff Santana regularly worked in excess of 40 hours per week.

38.     From approximately June 2016 until on or about December 2017, Plaintiff Santana worked from approximately 4:00 p.m. until on or about 12:00 a.m. to 12:20 a.m., 2 days a week and from approximately 4:00 p.m. until on or about 12:00 a.m., 4 days a week (typically 48 to 48.66 hours per week).

39.     From approximately January 2018 until on or about December 2018, Plaintiff Santana worked from approximately 3:00 p.m. until on or about 11:00 p.m.to 11:20 p.m., 2 days a week and from approximately 3:00 p.m. until on or about 11:00 p.m., 3 days a week (typically 48 to 48.66 hours per week).

40.     From approximately January 2019 until on or about July 23, 2019, Plaintiff Santana worked from approximately 4:00 p.m. until on or about 11:00 p.m. to 11:30 p.m., 5 days a week (typically 35 to 37.5 hours per week).

41.     Throughout her employment, Defendants paid Plaintiff Santana her wages in cash.

42.     From approximately June 2016 until on or about December 2016, Defendants paid Plaintiff Santana a fixed salary of $250 per week.

43.    From approximately January 2017 until on or about May 2017, Defendants paid Plaintiff Santana a fixed salary of $300 per week.

44.    From approximately May 2017 until on or about January 2018, Defendants paid Plaintiff Santana a fixed salary of $400 per week.

45.    From approximately January 2018 until on or about December 2018, Defendants paid Plaintiff Santana $13.00 per hour.

46.    From approximately January 2019 until on or about July 23, 2019, Defendants paid Plaintiff Santana $15.00 per hour.

47.    Plaintiff Santana's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

48.    For example, Defendants required Plaintiff Santana to work an additional 15 minutes to 20 minutes past her scheduled departure time regularly, and did not pay her for the additional time she worked.

49.    Defendants never granted Plaintiff Santana any breaks or meal periods of any kind.

50.    Nevertheless, Defendants deducted $22.5 to $27 from Plaintiff Santana's weekly paycheck for meals she never ate.

51.    Plaintiff Santana was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

52.    Defendants required Plaintiff Santana to sign a document, the contents of which she was not allowed to review in detail, in order to release her weekly pay.

53.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santana regarding overtime and wages under the FLSA and NYLL.

54.    Defendants did not provide Plaintiff Santana an accurate statement of wages, as required by NYLL 195(3).

55.    Defendants did not give any notice to Plaintiff Santana, in English and in Spanish (Plaintiff Santana's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

56.    Defendants required Plaintiff Santana to purchase "tools of the trade" with her own funds—including gloves.

*Defendants' General Employment Practices*

57.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Santana (and all similarly situated employees) to work in excess of 40 hours a week without paying her appropriate minimum wage and overtime compensation as required by federal and state laws.

58.    Plaintiff Santana was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

59.    Defendants' pay practices resulted in Plaintiff Santana not receiving payment for all her hours worked, and resulted in Plaintiff Santana's effective rate of pay falling below the required minimum wage rate.

60.    Defendants habitually required Plaintiff Santana to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

Defendants' time keeping system did not reflect the actual hours that Plaintiff Santana worked.

61.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

62.     On a number of occasions, Defendants required Plaintiff Santana to sign a document the contents of which she was not allowed to review in detail. Defendants paid Plaintiff Santana her wages in cash.

63.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

64.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Santana (and similarly situated individuals) worked, and to avoid paying Plaintiff Santana properly for her full hours worked.

65.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

66.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Santana and other similarly situated former workers.

67.     Defendants failed to provide Plaintiff Santana and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

68.     Defendants failed to provide Plaintiff Santana and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

69.     Plaintiff Santana brings her FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

70.     At all relevant times, Plaintiff Santana and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

71.     The claims of Plaintiff Santana stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

72.     Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

73.     At all times relevant to this action, Defendants were Plaintiff Santana's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Santana (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

74.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

75.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

76.     Defendants failed to pay Plaintiff Santana (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

77.     Defendants' failure to pay Plaintiff Santana (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

78.     Plaintiff Santana (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

79.     Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

80.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Santana (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

81.     Defendants' failure to pay Plaintiff Santana (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

82.     Plaintiff Santana (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

83.     Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

84.     At all times relevant to this action, Defendants were Plaintiff Santana's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Santana, controlled the terms and conditions of her employment, and determined the rates and methods of any compensation in exchange for her employment.

85.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Santana less than the minimum wage.

86.     Defendants' failure to pay Plaintiff Santana the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

87.    Plaintiff Santana was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

88.    Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

89.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Santana  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

90.    Defendants' failure to pay Plaintiff Santana overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

91.    Plaintiff Santana was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

92.    Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

93.    Defendants failed to provide Plaintiff Santana with a written notice, in English and in Spanish (Plaintiff Santana's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular

pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

94.    Defendants are liable to Plaintiff Santana in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

95.    Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

96.    With each payment of wages, Defendants failed to provide Plaintiff Santana with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

97.    Defendants are liable to Plaintiff Santana in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

98.    Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

99.    Defendants required Plaintiff Santana to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform her job, further reducing her wages in violation of the FLSA and NYLL.  29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

100.    Plaintiff Santana was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

101.    Plaintiff Santana repeats and realleges all paragraphs above as though fully set forth herein.

102.    At all relevant times, Defendants were Plaintiff Santana's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

103.    Defendants made unlawful deductions from Plaintiff Santana's wages including, but not limited to, deductions for meals she never ate.

104.    The deductions made from Plaintiff Santana's wages was not authorized or required by law.

105.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Santana's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

106.    Plaintiff Santana was damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Santana respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Santana and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Santana and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Santana's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Santana and the FLSA Class members;

(f)    Awarding Plaintiff Santana and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Santana and the FLSA Class members liquidated damages in an amount equal to 100% of her damages for the amount of unpaid minimum wage and overtime

compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Santana;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Santana;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Santana's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Santana;

(l)      Awarding Plaintiff Santana damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)      Awarding Plaintiff Santana damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Santana liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Santana and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Santana and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Santana demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

August 7, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

—————

Faillace@employmentcompliance.com

March 6, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    **Milena Maria Santana Chalas**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                    06 de marzo de 2019

*Certified as a minority-owned business in the State of New York*